GEORGE A. MITCHELL vs. ELISHA J. CAMPBELL et als.

FEBRUARY 11, 1927.

PRESENT: Sweetland, C. J., Rathbun, Sweeney, and Barrows, JJ.

(1) *Equity. Adequate Remedy at Law. Attachment of Equitable Interests.*

A bill in equity which shows that one of the respondents is an equitable owner of certain real estate subject only to a lien for security, fails to show that complainant has no adequate remedy at law, since equitable interests in real estate are attachable.

BILL IN EQUITY. Heard on appeal of complainant and appeal dismissed.

RATHBUN, J. This is a bill in equity in the nature of a creditor's bill brought by a judgment creditor to obtain an equitable lien on real estate the legal title of which was conveyed by respondent Elisha J. Campbell, the debtor, to respondent Bradford Campbell by conveyance absolute by its terms but in effect a mortgage, and also to reach for the satisfaction of the complainant's judgment any portion of a fund, now in the registry of the Superior Court, which may be found to be due respondent Elisha J. Campbell by an accounting which is being had under direction of said court. A demurrer to the bill on the ground that it appears that the complainant has an adequate remedy at law was sustained by the Superior Court and the cause is before us on the complainant's appeal from the decree sustaining said demurrer.

The cause was commenced soon after our rescript in *Campbell* v. *Lederer Realty Corp.*, 125 Atl. 222, was filed. By said rescript we held said conveyance was in legal effect a mortgage given as security for indebtedness of Elisha J. Campbell, the grantor, to Bradford, the grantee; that the assignment of the grantor of his interest in his father's estate to the grantee was made for the same purpose and that Elisha was entitled to an accounting and a reconveyance of said real estate, provided Elisha paid to Bradford

any balance which may, by such accounting, be found to be due him.

The bill avers that complainant recovered judgment against respondent Elisha J. Campbell for $488.77; that execution thereon was returned *nulla bona* and that Elisha J. Campbell has no property that can be reached by legal process in said action at law or by any other proceedings at law. The bill also sets out the conveyance and assignment from Elisha to Bradford and the substance of our findings in said rescript and states that about $20,000 has been ordered deposited in the registry of the Superior Court subject to an accounting between Bradford and Elisha and avers upon information and belief that there will be a surplus accruing to Elisha.

The prayer of the bill is that the complainant may have an equitable lien to the amount of $488.77 on said real estate; that the amount of said judgment with interest and costs be added to the amount due from Elisha to Bradford in the accounting between them; that an order be made for the payment of said judgment out of said surplus and that Bradford be restrained from paying any of said surplus or reconveying said real estate to Elisha until after said judgment is paid.

So far as the funds in the registry of the court are concerned the complainant is seeking to intervene in an equity suit, involving an accounting, in which he has no interest but only a desire to reach, for the purpose of satisfying his judgment, any surplus which the accounting may show to be due Elisha. It is unnecessary to decide whether such an interference is ever permissible in an action of this nature (but see *Petition of Cross to Intervene*, 17 R. I. 568). It is elementary that a party is not entitled to relief in equity unless it appears that he has no adequate remedy at law. The bill, taken as a whole, fails to state such a case. The bill discloses that Elisha is the equitable owner of said real estate subject only to a lien for security; and equitable interests in real estate are attachable.

When a conveyance for the purpose of defrauding creditors. is made of the legal title to real estate without any intention of passing the beneficial interest therein, it is well settled that the equitable estate of the grantor may be attached in. a suit at law as well as in equity. *Belcher* v. *Arnold*, 14 R. I. 613; *Greene* v. *Keene*, 14 R. I. 388; *Tucker* v. *Denico*, 26 R. I. 560, 27 R. I. 239. While *Tucker* v. *Denico*, 27 R. I. 239, was a case involving fraud the court considered the powers of courts of law, regardless of any fraudulent conveyance to attach equitable estates. In that case, after pointing out that the Statute of 29 Car. II, cap. 3, § 10, which subjected equitable estates to levy upon execution, was a part of the common law of this State, the court stated as follows: "Under Gen. Laws, R. I. (1896), cap. 253, § 10 (now § (5172) G. L. 1923): 'The officer commanded by any original writ or writ of mesne process to attach real estate, or the right, title and interest of any defendant therein, shall. attach the same by leaving an attested copy of such writ with a copy of his doings thereon, with the town clerk of the town in which such real estate shall be situated,' . . . We are of the opinion that the words 'the right, title, and interest of any defendant therein' used in Gen. Laws (1896), cap. 253, § 10, are broad enough to include equitable as well as legal interests. The effect of such a construction is merely to extend the common law of the State by making that attachable on original writ, or writ of mesne process, which was already subject to levy upon execution."

We find no satisfactory reason for disagreeing with said opinion.

The appeal is dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Charles R. Easton*, for complainant.

*Knauer & Fowler, Gardner, Moss & Haslam*, for respondent, Campbell.